# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TABATHER GILES,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **Case No.: 2:23-cv-00007-ACA** |
| ] | |
| **NOLAND HEALTH GREENBRIAR** ] | |
| **SERVICE, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## **MEMORANDUM OPINION**

Plaintiff Tabather Giles filed a *pro se* complaint against Noland Health Greenbriar Service and four employees at Noland Health that Ms. Giles identified as Raven, Pam, Tamika, and Melissa. (Doc. 1 at 1–3). Her complaint brought claims under the Americans with Disabilities Act for failure to accommodate her disability and for terminating her employment based upon her disability, as well as "[r]elevant state law" claims. (*Id.* at 4). Ms. Giles also moved to proceed *in forma pauperis* and for appointment of counsel. (Doc. 2, 5).

The court screened her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and found that Ms. Giles's complaint was a shotgun pleading and that she had failed to state a claim for which relief could be granted. (Doc. 6). The court explained that Ms. Giles could not bring her claims under the ADA against Defendants Raven,

Pam, Tamika, and Melissa, because "individually named defendants cannot be sued for violations of the ADA's employment discrimination provision." (*Id.* at 8) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007)). The court ordered Ms. Giles to file an amended complaint that fixed any identified errors and complied with the Federal Rules of Civil Procedure. (*Id.* at 9–10).

Ms. Giles's amended complaint still fails to state a claim. In her amended complaint, Ms. Giles dropped Noland Health Greenbriar Services as a defendant, as well as any "relevant state law" claims she brought in her original complaint. (Doc. 7 at 1–4). Thus, Ms. Giles's amended complaint only brings her two employment discrimination claims under the ADA against the four individually named defendants, now identified as Raven Hinson, Pam Duns, Mellissa Allard, and Tamika Ballard. (*Id.* at 2–3). But as the court informed Ms. Giles, individuals cannot be sued under the ADA's employment discrimination provision. *Albra*, 490 F.3d at 830. Thus, Ms. Giles's amended complaint still fails to bring any claims that would entitle her to relief.

The court must generally give *pro se* litigants one opportunity to amend their complaint when a more carefully drafted pleading might state a claim. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). The court gave Ms. Giles a chance to amend her pleading but Ms. Giles's amended complaint still fails to state a claim.

Accordingly, the court **WILL DISMISS** Ms. Giles's claims with prejudice.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 27, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE